**Karl W. JELENIC, Plaintiff,**

v.

**CAMPBELL PLASTICS and IUE Local 318, Defendants.**

**No. 94–CV–1530.**

United States District Court, N.D. New York.

May 12, 1997.

---

Karl William Jelenic, Esperance, NY, pro se.

Kohn, Bookstein & Karp, P.C., Albany, NY (Edward L. Bookstein, of counsel), for Defendant Campbell Plastics.

Kennedy, Schwartz & Cure, P.C., New York City (Ira Cure, of counsel), for Defendant Iue Local 318.

## MEMORANDUM DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

*Pro se* plaintiff Karl Jelenic brought suit against his employer, defendant Campbell Plastics ("Campbell"), for wrongful termination and discrimination, and against his union, defendant IUE Local 318 ("Local 318"), for inadequate representation during grievance hearings and arbitration. Jelenic alleges that Campbell improperly discharged him for bringing safety concerns to his supervisors' attention, while Campbell maintains that he was terminated for insubordination. Essentially, Jelenic alleges that he was denied access to the union office when he sought to pursue his grievance against Campbell, and that during the arbitration of his grievance, "Ron Anderson an International Representative did show up and did nothing in assisting the case but make profane and derogatory statements towards me." (Amended Complaint at 1).

Jelenic started working for Campbell in 1978. In April, 1994, he worked as "Injection Mold Heavy Helper" on the afternoon shift, which began at 3:00 p.m. As a Heavy Helper, Jelenic moved materials and supplies from one work location to another via forklift. Because of cutbacks at Campbell, Heavy Helpers had to transport materials both within and among three departments, Taurus, Extrusion, and Compounding.

The key allegations underlying Jelenic's claim against Campbell concern events that

occurred on April 18, 1994. At 2 p.m. that day, David Palmer, apparently a Heavy Helper assigned to the Compound Department, notified Campbell that he would miss the afternoon shift because of illness. John Cremo, the most senior Heavy Helper, told General Supervisor Tom McClasky that he did not wish to work in the Compound Department. McClasky permitted Cremo to decline the work.

When Jelenic reported to work that day, McClasky told him to report to the Taurus Department instead of to his usual job assignment. Upon being told that he would have to work in two departments, Jelenic refused, citing a provision in the Collective Bargaining Agreement that allows employees with seniority to decline transfers. Campbell Plastics states that Jelenic's supervisor made every effort to convince Jelenic to perform his job, and that he was told that his refusal could result in his termination. When Jelenic continued to refuse the work assignment, he was suspended.

The next day, April 19, Frank DeLuca (then-president of Local 318), Dave Palmer (vice-president of Local 318), Fred Davies (Campbell's Human Resources Manager), Paul Toomey (Campbell's Manufacturing Manager), Scott Riggi (Shop Steward), McClasky, and Jelenic held a meeting to discuss Jelenic's suspension. At this meeting, Jelenic states that he voiced his safety concerns about operating a forklift on Campbell's premises and that he did not have safety glasses the previous afternoon. Two days later, Davies notified Jelenic that he was being terminated for misconduct and insubordination. On the same day, April 21, Jelenic filed a grievance against Campbell for discrimination and breach of contract.

In the following months, Jelenic and Local 318 arbitrated his grievance against Campbell. However, Jelenic informed Local 318 that he did not wish to be represented by Local 318, and retained his own lawyer, Ronald Dunn, of the firm Gleason, Dunn, Walsh & O'Shea. In his deposition, Attorney Dunn stated that Local 318 assisted in, and supplied him with all documents necessary for, the presentation of Jelenic's case. (Dunn Dep. at 11–15, 18).

On August 31, the Arbitrator denied Jelenic's grievance, concluding that Campbell had proper and sufficient cause to terminate Jelenic for insubordination because he had "refused a clear and direct order that did not pose danger to himself or other employees." (Def's Exh. E). Local 318 argued in Jelenic's post-hearing brief that the punishment of termination was disproportionate to Jelenic's misconduct, but the arbitrator disagreed. On October 11, 1994, the NLRB upheld the arbitrator's award.

Jelenic filed the instant Complaint on November 29, 1994. Defendants now move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## II. DISCUSSION

### A. Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary judgment if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). It is the substantive law that will determine what facts are material to the outcome of a case. *See Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

Initially, the moving party has the burden of informing the court of the basis of its motion. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). If the moving party satisfies its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The Court must then resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). However, the non-moving party must do more than simply show "that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356. Only when the Court concludes that no rational finder of fact can find in favor of

the non-moving party should summary judgment be granted. *Gallo v. Prudential Residential Servs., Ltd.*, 22 F.3d 1219, 1223 (2d Cir.1994).

### B. Duty of Fair Representation

■ The duty of a union to fairly represent the interests of its bargaining unit employees is inherent in its status as the exclusive bargaining representative. *See Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 909–10, 17 L.Ed.2d 842 (1967) ("[T]he exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."). In *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991), the Supreme Court stated that "[t]he duty of fair representation is ... akin to the duty owed by other fiduciaries to their beneficiaries." *Id.* at 74, 111 S.Ct. at 1133. The Second Circuit, in addressing the issue of the duty of fair representation, has stated that

> arbitrary conduct amounting to a breach is not limited to intentional conduct by union officials but may include acts of omission which, while not calculated to harm union members, "may be so egregious, so far short of minimum standards of fairness to the employee and so unrelated to legitimate union interests as to be arbitrary."

*N.L.R.B. v. Local 282, Int'l Bd. of Teamsters*, 740 F.2d 141, 147 (2d Cir.1984) (*quoting Robesky v. Qantas Empire Airways, Ltd.*, 573 F.2d 1082, 1090 (9th Cir.1978)).

■ However, "the duty of fair representation is not breached where the union fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance." *Cruz v. Local Union No. 3 of Intern. Broth. of Elec. Workers*, 34 F.3d 1148, 1153–54 (2d Cir.1994); *see also Ryan v. New York Newspaper Printing Pressmen's Union No. 2*, 590 F.2d 451, 455 (2d Cir.1979) ("[A]rbitrary or bad-faith conduct ... or substantial evidence of fraud, deceitful action or dishonest conduct ... is

required to show a breach of the duty of fair representation.") (internal quotation marks and citations omitted); *Zuniga v. United Can Co.*, 812 F.2d 443, 451 (9th Cir.1987) (same).

■ Here, although Local 318 did not represent Jelenic at the arbitration, Local 318 appears to have instituted the arbitration procedure for Jelenic's grievance. In a situation where a plaintiff is claiming breach of fair representation in the context of an arbitration proceeding, it is not the Court's role to second guess a union's tactical decisions at the arbitration. In *Barr v. United Parcel Service*, 868 F.2d 36 (2d Cir.1989), the Second Circuit addressed a fair representation challenge alleging that the union failed to introduce certain testimony or call certain witnesses. In *Barr*, the court stated:

> In order to have prevailed against the union, Barr would had to show either that the conspiracy existed or that these tactical decisions, none of which were circumscribed by either the collective bargaining agreement or Local 804's own rules and procedures, amounted to conduct and omissions "so egregious, so far short of minimum standards of fairness to the employee and so unrelated to legitimate union interests as to be arbitrary."

868 F.2d at 43 (*quoting N.L.R.B. v. Local 282, International Brotherhood of Teamsters*, 740 F.2d 141, 147 (2d Cir.1984) (*quoting Robesky v. Qantas Empire Airways, Ltd.*, 573 F.2d 1082, 1089–90 (9th Cir.1978))). Absent such a showing, the award of an arbitrator whose decision the parties have contractually agreed will be final, may not be disturbed. *See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 163–65, 103 S.Ct. 2281, 2289–91, 76 L.Ed.2d 476 (1983).

■ Accordingly, two elements must be proven to establish a breach of the duty of fair representation in the context of an arbitration proceeding: The union's conduct must have been "arbitrary, discriminatory or in bad faith," *Vaca*, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842, and second, it must have "seriously undermine(d) the arbitral process." *Barr*, 868 F.2d at 44 (*quoting Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 567, 96 S.Ct. 1048, 1058, 47 L.Ed.2d 231 (1976)).

**646**

In this case, Jelenic offers no evidence that Local 318 failed to process his grievances. In fact, the evidence shows just the contrary: that Local 318 prosecuted those grievances that had merit. (*See* Def's Exh. D). As to the arbitration proceeding, Jelenic stated at his deposition that he retained his own counsel, Ronald Dunn, to represent him at the arbitration proceeding. (Jelenic Dep. at 61). There is no evidence to show that any union official took steps to undermine Jelenic's case. Jelenic's own attorney stated that he saw no misconduct on the part of the arbitrator or any of the parties, (*see* Dunn Dep. at 29–30), and that "I was given an ample opportunity to put the case in." (Dunn Dep. at 18). Furthermore, in his deposition, Attorney Dunn stated that Local 318 assisted in, and supplied him with all documents necessary for, the presentation of Jelenic's case. (Dunn Dep. at 11–15, 18).

■ Based on the evidence presented to the Court on this motion, it is clear that any acts or omissions of Local 318 were not "so egregious, so far short of minimum standards of fairness to the employee and so unrelated to legitimate union interests as to be arbitrary." *N.L.R.B.*, 740 F.2d at 147. Thus, Plaintiff's claim against Local 318 must fail. Accordingly, absent evidence of a breach of the duty of fair representation on the part of Local 318, Plaintiff's claim against his employer, Campbell Plastics, must also fail. *See, e.g., Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990) ("an employee normally cannot bring a § 301 action against an employer unless he can show that the union breached its duty of fair representation in its handling of his grievance").

## III. CONCLUSION

Defendants IUE Local 318 and Campbell Plastic's Motions for Summary Judgment pursuant to Rule 56 are hereby GRANTED. Plaintiff's Amended Complaint is dismissed in its entirety.

**IT IS SO ORDERED.**